872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeremiah ALLEN (88-5581) and Willie Taylor (88-5597),
Defendants-Appellants.
 Nos. 88-5581, 88-5597.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1989.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and EUGENE E. SILER, Jr., Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendants Jeremiah Allen and Willie Taylor appeal from their convictions for possession of cocaine with intent to distribute and aiding and abetting one another in this possession in violation of 21 U.S.C. Sec. 841 (1982).[1] Both defendants assert that the District Court erred in admitting the hearsay testimony of one police officer concerning defendants' activities. Defendants further claim the verdict is not supported by substantial evidence. Defendant Allen objects to the admission of photographs portraying the arrest scene. Because we find no merit to defendants' assertions of error, we affirm the judgment of the District Court.
 
 
 2
 Detectives of the Memphis Police Narcotics Unit acting in conjunction with an informant went to a Memphis 7-Eleven on August 21, 1987, in an attempt to catch defendant Taylor in the act of selling drugs. Following an earlier meeting at the 7-Eleven, Detective James Windland accompanied by the informant returned at 6:00 p.m. Several other metro narcotics detectives followed in other cars to maintain surveillance. Detectives Clay Manuel and David Sowell were among these officers. At approximately 9:00 p.m., defendant Taylor arrived at the 7-Eleven. Shortly thereafter, a white Pontiac Grand Prix pulled up and parked at the side of the store. Defendants Taylor and Allen immediately walked into Detective Windland's view from around the side of the store. Defendant Taylor carried a brown paper bag containing a box of "Tide" detergent. Detective Windland sent the informant to meet with the defendants. The informant accompanied defendant Taylor back around the side of the store, while defendant Allen remained at the front corner watching Detective Windland.
 
 
 3
 Detective Sowell, who had until that point remained inside the 7-Eleven, exited the store and followed defendant Taylor and the informant around the side. Upon getting into his car, Detective Sowell saw Taylor and the informant in the white Pontiac. Sowell testified that defendant Taylor pulled a plastic bag containing white powder out of the "Tide" box and showed it to the informant. The informant then returned to Detective Windland and informed Windland that defendant Taylor had shown him cocaine.
 
 
 4
 Windland called in the surveillance team which arrested defendants Taylor and Allen as they were standing together at the corner of the store watching Detective Windland's car. The arresting officers found nine ounces of what was later determined to be cocaine in a plastic bag inside the "Tide" detergent box which was lying on several crates a few feet from the defendants. The white Pontiac was later found to be registered to defendant Allen.
 
 
 5
 Both defendants object to the admission of the testimony of Detective Manuel under Federal Rule of Evidence 803(1) as a present sense impression.[2] Detective Manuel, who was in contact with the persons involved in the sale only through use of a transmitter, testified to a conversation between Detective Windland and the informant which occurred upon the arrival of the defendants. In response to a question from the government attorney, Detective Manuel testified as follows:
 
 
 6
 Yes sir, as I have mentioned earlier, I heard a comment from the car. I wasn't able to determine who it was. But someone said, "There he is." And then James Windland--I did identify the voice--he said, "The bad guy is here." And then I heard James Windland say, "Go meet him. Go meet him," because the bad guy was walking toward the car.
 
 
 7
 And then there was a moment of silence, and you could hear the door opening and noise. And James Windland said, "He's in front of the store. He's talking to him now."
 
 
 8
 And at that point, he said, "There's two other guys with him. There are three of them altogether out in front of the store. They are standing in front of the store right now."
 
 
 9
 We find nothing objectionable in the District Court's decision to admit this testimony as a present sense impression. Detective Windland was wearing a transmitter and the other officers could hear his statements describing the movements of the defendants and the informant. Detective Manuel testified at trial as to what he heard Windland saying over the transmitter. In terms of Rule 803(1) Windland, the declarant, made statements describing events perceived by him as they were occurring and Manuel, the witness, then testified in court as to what Windland said. Detective Windland's description of the events as they were happening clearly falls within the exception for present sense impressions which are admissible on the ground that the substantial contemporaneity of the event and the statement minimizes any unreliability due to defective recollection or conscious fabrication. See United States v. Andrews, 765 F.2d 1491, 1501-02 (11th Cir.1985), cert. denied sub. nom., 474 U.S. 1064 (1986). Furthermore, Detective Manuel need not himself have observed the defendants' actions as described by Windland as long as he can corroborate that Windland made the statements. See United States v. Blakey, 607 F.2d 779, 785 (7th Cir.1979). In addition, Windland himself testified at the trial.
 
 
 10
 Defendant Allen contends that the District Court erred in admitting photographs of Allen and his white Pontiac automobile taken at the 7-Eleven shortly after Allen's arrest. Defendant Allen objects to the admission of pictures as cumulative and inflammatory because they portray him seated on the ground and handcuffed in front of the Pontiac. Defendant Allen also objects to introduction of a photo depicting the license tag on the Pontiac on the ground that the photo had been altered and that the numbers on the tag were not clearly visible. The government argues that the pictures were relevant and admissible. We agree.
 
 
 11
 The trial judge has broad discretion to decide whether evidence is relevant and admissible. A district court's decision to admit evidence after determining that its probative value is not outweighed by its potential for prejudice will be upheld absent an abuse of discretion. United States v. De Parias, 805 F.2d 1447, 1453-54 (11th Cir.1986), cert. denied sub. nom., 107 S.Ct. 3189 (1987). The photographs of defendant Allen and his car were clearly relevant to a number of issues in the case such as Allen's location on the scene, the location of the Pontiac, and Allen's ownership of the car. We find little merit to defendant Allen's assertions of undue prejudice given this Court's observation that " 'when a defendant appears at trial dressed in his Sunday best the prosecutor is entitled to show his appearance when arrested.' " United States v. Padin, 787 F.2d 1071, 1079 (6th Cir.), cert. denied, 479 U.S. 823 (1986) (quoting United States v. Cochran, 697 F.2d 600, 608 (5th Cir.1983)).
 
 
 12
 Allen's argument concerning the admission of the license plate photo is equally without merit. This photograph was relevant to show Allen's ownership of the vehicle. The trial transcript shows that the "alteration" of the photo was a stray ink mark mistakenly placed upon the photo by a deputy while marking it for identification. The photo's lack of clarity, while reducing its probative value, does not render the photo inadmissible. The District Court did not abuse its discretion in admitting the photographs in question into evidence.
 
 
 13
 Defendant Allen claims that conflicting testimony concerning his location during the transaction required a judgment of acquittal in his favor due to insufficiency of the evidence. Defendant Taylor argues that the jury's verdict was contrary to the weight of the evidence because the government's case "was murky and full of contradictory statements by government witnesses." We disagree. Reviewing the evidence in a light most favorable to the government, as we must, we believe the evidence is sufficient to allow a rationale trier of fact to find the defendants guilty beyond a reasonable doubt. See, e.g., United States v. Oldfield, 859 F.2d 392, 399 (6th Cir.1988); United States v. Monroe, 833 F.2d 95, 101-02 (6th Cir.1987).
 
 
 14
 For the foregoing reasons, we AFFIRM the judgment of the District Court.
 
 
 15
 NATHANIEL R. JONES, Circuit Judge, concurring.
 
 
 16
 Although I concur in the majority's decision to affirm Allen and Taylor's convictions, I write separately to express my view that the photograph of Allen in handcuffs at the scene of the crime should have been excluded because of its highly inflammatory and prejudicial nature.
 
 
 17
 In United States v. Padin, 787 F.2d 1071 (6th Cir.), cert. denied, 479 U.S. 823 (1986), this court addressed the admissibility of arrest photos. The defendants in Padin, members of a motorcycle gang, objected to the introduction of their arrest photos because the photos allegedly afforded the prosecution the "opportunity to depict them as Charles Manson-type bikers." Id. at 1079. This court found that the photos were admissible because " 'when a defendant appears at trial dressed in his Sunday best the prosecutor is entitled to show his appearance when arrested.' " Id., quoting United States v. Cochran, 697 F.2d 600, 608 (5th Cir.1983). In contrast, in United States v. McCoy, 848 F.2d 743 (6th Cir.1988), this court recently held that the district court erred in admitting lineup photographs because "[a]lthough the men look as if they could be answering a casting call for the role of a thug in a television police drama, their unhappy faces indicate that they are not there voluntarily." Id. at 745. We further concluded that the photographs suggested that the defendant was a "bad guy" who belonged in jail, and that a "typical juror could ... be influenced irrationally to conclude that [the defendant] is guilty of the offense charged." Id. at 745-46. Since the "photographic evidence ha[d] no probative value," we held that trial court should have sustained the defendant's objection to the admission of the photos. Id.
 
 
 18
 Turning to the instant action there is no contention that Allen significantly altered his appearance between the time of his arrest and the time of his trial. Therefore, Padin is inapplicable. Moreover, since there was no dispute at trial that Allen was present during the alleged cocaine sale, the challenged photographs were not necessary to prove this fact. Because the photograph of Allen in handcuffs could lead a typical juror to conclude, irrationally, that Allen was guilty of the offenses charged, and because the photograph has no probative value, the district court erred in admitting the photos in evidence. However, because it is extremely unlikely that the district court's error affected the jury's verdict, that error was clearly harmless. Thus, I join the majority in affirming the convictions.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky and U.S. District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 A third defendant, Hoovler Summler, was indicted but acquitted
 
 
 [2]
 FRE 803(1) excludes from the definition of hearsay as a present sense impression "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." This exception applies notwithstanding the declarant's availability as a witness